UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW LEDDON,<br><br>        Petitioner,<br><br>vs.<br><br>DOUG CLARK, Acting Warden, South Dakota State Penitentiary,<br><br>        Respondent. | 3:21-CV-03014-RAL<br><br>ORDER DIRECTING SERVICE AND REQUIRING RESPONSE WITHIN FOURTEEN DAYS |

On August 19, 2021, Matthew Leddon, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Leddon has paid the $5.00 filing fee. This Court now screens this case under 28 U.S.C. § 1915A to determine if it states a claim on which relief can be granted.

A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Leddon brought his petition in the correct district in that he is imprisoned in Sioux Falls, South Dakota. Doc. 1 ¶ 1. Only after a prisoner exhausts administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241.").

1

The exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A habeas petition can be excused from exhaustion requirements if the process would be futile and serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." McCarthy v. Madigan, 503 U.S. 140, 146 (1992).

Leddon was indicted for being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(d) on March 10, 2020. 3:20-CR-30061 Doc. 1.[1] He was released from custody on March 16, 2020. 3:20-CR-30061 Doc. 10. His release from custody was revoked for violation of his release conditions on October 21, 2020, and he apparently was held for 63 days until December 12, 2020. 3:20-CR-30061 Docs. 31 and 48. He pleaded guilty on March 22, 2021, and reentered custody at that time. 3:20-CR-30061 Doc. 74. He was sentenced to a term of imprisonment of 7 months by this Court on June 7, 2021. 3:20-CR-30061 Doc. 89.

Leddon's Independent Sentence Computation from the Bureau of Prisons (BOP) credits him with 3 days following his initial arrest and 77 days for his incarceration from the time he pleaded guilty until the time he was sentenced but provides no credit for the 63 days Leddon claims that he was held following the revocation of his release. Doc. 1-1. Instead, the sentence computation notes that he was in custody at that time but was sentenced to a term of time served for that violation. Id. Although the order revoking his release referred to a sentence of time

---

[1] This order will refer to the docket from Leddon's criminal case, United States v. Leddon, as 3:20-CR-30061.

2

served, Leddon alleges that the 63 days he served was not credited toward any other sentence and that he had no other pending criminal cases at the time. Doc. 1 ¶¶ 9-11. Leddon's current release date is October 18, 2021, but if credited with the 63 days, he should have been released on August 16, 2021. Doc. 1 ¶ 19.

Leddon acknowledges that he has not exhausted his administrative remedies through the BOP. See id. ¶¶ 14-18. He argues that the exhaustion requirement does not apply to him because he is confined at a state facility. Id. ¶ 15; see also 28 C.F.R § 542.10(b) ("This Program does not apply to inmates confined in other non-federal facilities."). He claims that he has attempted to challenge the sentence computation, but he has had difficulty doing so as a federal inmate in a state facility. Id. ¶ 16. He also argues that the futility exception to the exhaustion requirement applies in his case because an administrative remedy would take 6 to 12 months. Id. ¶ 17. Leddon has alleged facts to justify excusing him from exhausting administrative remedies. See McCarthy, 503 U.S. at 147. From a reading of the petition itself, this Court cannot determine with confidence that it "plainly appears" that Leddon is not entitled to any relief here.

Therefore, it is hereby

ORDERED that the Clerk of Court serve by certified mail the Acting Warden and the Attorney General for the State of South Dakota as well as the Bureau of Prisons and the U.S. Attorney General given that Leddon is in federal custody but housed in a state facility. It is further

ORDERED that the Respondent file an answer, and if he so chooses, a motion to dismiss and memorandum, within **fourteen days** of service of the pleadings, given the time-sensitive nature of the issue. It is finally

ORDERED that the United States Attorney file a response on behalf of the Bureau of Prisons with **fourteen days** of receiving this order, given the time-sensitive nature of the issue.

DATED August 26, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE